# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GUILLERMO EMILIO ALDANA, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-08-CV-0950 FB |
| THE BLACKSTONE GROUP (TBG)-NYC, | § | |
| doing business as (dba) | § | |
| FREESCALE SEMICONDUCTOR, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

The matter before the court is plaintiff Guillermo Emilio Aldana's request for the appointment of counsel.[1] In his complaint, Aldana alleges that his former employer, defendant The Blackstone Group, discriminated against him based on race and religion.[2] Aldana also alleges that The Blackstone Group retaliated against him based on a prior complaint of discrimination. The Fifth Circuit has instructed courts to appoint counsel in exceptional circumstances, after considering the following factors: "(1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to investigate adequately the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination."[3] After considering the factors, I do not find exceptional circumstances here.

---

[1] Docket entry # 3.

[2] Docket entry # 1.

[3] *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted).

Aldana's claims are relatively simple—Aldana alleges that The Blackstone Group discriminated against him because he is Latino and Catholic. He also complains that The Blackstone Group has harassed, and continues to harass, him by sending surveillance vehicles to follow him wherever he goes. He states that the Equal Employment Opportunity Commission (EEOC) "has agreed that [he] was indeed being harassed,"[4] but the EEOC's notice of right to sue letter states that "there is no evidence in the case file to support" Aldana's allegation of constant surveillance.[5]

The law and burdens in regard to claims alleging unlawful employment discrimination are well-settled. Aldana's allegations present no novel issues of law. Aldana states that he holds a PhD from the University of Texas.[6] He also indicated that he is financially able to hire an attorney—he reported earning $97K annually. To the extent Aldana may seek the court's assistance in hiring counsel, the court does not involve itself with a litigant's efforts to hire an attorney. The pleadings filed thus far indicate that Aldana can investigate and present his case without the assistance of counsel, to include cross-examining witnesses who may contradict his version of facts. The motion for appointment of counsel (docket entry # 3) is DENIED.

**SIGNED** on December 1, 2008.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[4] Docket entry # 1, p. 4 (numbered by plaintiff as p. 28).

[5] *Id.*, notice of right to sue letter.

[6] Docket entry # 3, p. 2 (numbered by plaintiff as p. 36).